IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| TONY GUERRA,<br><br>Plaintiff,<br><br>v.<br><br>KOSWIRE, INC. and SI-TAK RYOO,<br><br>Defendants. | CIVIL ACTION NO.<br>2:14-cv-282-WCO |

## COMPLAINT

COMES NOW, Plaintiff Tony Guerra, by and through undersigned counsel, and brings this action against Defendants Koswire, Inc. and Si-Tak Ryoo.

## NATURE OF THE ACTION

1. This is an action for failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and for unlawful wage discrimination under 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2. The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. §§ 201-219, and 42 U.S.C. § 1981.

1

3. Venue is proper under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) because a substantial part of the events or omissions giving rise to Guerra's claims, as described in this complaint, occurred within the Gainesville Division of the Northern District of Georgia.

**PARTIES**

4. Guerra is a Latin-American male and a resident of Hall County, Georgia.

5. Defendant Si-Tak Ryoo ("Ryoo") is a natural person and a resident of Georgia.

6. Defendant Koswire, Inc. ("Koswire") is a domestic Georgia corporation whose principal office is located in Hall County at 4600 Cantrell Road, Flowery Branch, Georgia 30542.

7. Koswire's registered agent is Ryoo.

**COUNT I: WILLFUL FAILURE TO PAY OVERTIME**

8. In 2011, 2012, and 2013, Koswire had annual gross receipts in excess of $500,000.

9. Koswire's gross receipts in 2014 will exceed $500,000.

10. During the previous three years, Koswire had and continues to have one or more employees who regularly utilize equipment manufactured outside the state of Georgia in performing their jobs.

11. For example, Koswire has employees who regularly use computers manufactured outside the state of Georgia.

12. Koswire is a covered enterprise under the FLSA.

13. Guerra traveled outside the state of Georgia in performing his job duties for Koswire.

14. Guerra regularly exchanged emails with individuals and businesses located outside the state of Georgia in performing his job duties for Koswire.

15. Guerra regularly communicated by telephone with individuals and business located outside the state of Georgia in performing his job duties.

16. Guerra is individually covered under the FLSA.

17. Ryoo is Chief Executive Officer, Chief Financial Officer, and Secretary of Koswire.

18. Ryoo oversees and exercises controls over the day-to-day operations of Koswire.

19. Ryoo makes business decisions for Koswire.

20. Ryoo oversees Koswire's human resources department.

21. Ryoo sets payroll policies for Koswire.

22. Ryoo determined Guerra's rate of pay.

23. Ryoo made the decision that Guerra would not be paid overtime wages.

24. Ryoo was Guerra's supervisor.

25. Ryoo regularly assigned work tasks to Guerra.

26. Ryoo was Guerra's employer under the FLSA.

27. Guerra started work at Koswire in September of 2007 and remains employed by Koswire as of the date of this filing.

28. Koswire paid and continues to pay Guerra an hourly wage.

29. Koswire never paid Guerra on a salary basis.

30. When Guerra worked more than 40 hours in a workweek, Koswire did not pay Guerra an overtime premium for his overtime hours.

31. In the previous three years, Guerra worked numerous overtime hours but did not receive overtime compensation for these hours.

32. Koswire's violations the FLSA's overtime provision were willful because Koswire had no colorable basis for refusing to pay Guerra overtime wages.

33. Koswire chose not to compensate Guerra at the required overtime premium rate despite Koswire's knowledge that Guerra was not exempt from the FLSA's overtime provision.

34. Koswire's decisions with respect to Guerra's compensation show a reckless disregard for Guerra's rights under the FLSA.

35. Koswire and Ryoo are jointly and severally liable to Guerra for three years of unpaid overtime wages, an equal amount as liquidated damages, attorney's fees, and costs.

**COUNT II: WAGE DISCRIMINATION UNDER SECTION 1981**

36. Koswire paid Guerra an hourly wage of $20 per hour during the relevant period up to September 29, 2014.

37. On September 29, 2014, Koswire reduced Guerra's hourly wage to $17.00.

38. Koswire paid Guerra's predecessor an annual salary of $90,000.

39. Guerra's predecessor was of a different race—namely, Asian American.

40. Koswire paid less to Guerra for one reason: Guerra is Latin American.

41. Ryoo determined the compensation that Guerra received.

42. Ryoo frequently provides more favorable treatment, including higher compensation, to Asian employees of Koswire.

43. Ryoo directly discriminated against Guerra on account of Guerra's race.

5

44. Koswire's wage discrimination against Guerra on the basis of his race violated Section 1981.

45. Koswire and Ryoo are liable to Guerra for the amount that he would have been paid in the absence of illegal race-based wage discrimination.

46. Koswire and Ryoo are also liable to Guerra for punitive damages on account of their willful and intentional wage discrimination against Guerra on account of his race.

## **PRAYER FOR RELIEF**

Guerra respectfully requests that:

I. The Court enter judgment in favor of Guerra;

II. The Court enter declaratory judgment again Koswire and Ryoo;

III. The Court award Guerra compensatory damages, punitive damages, liquidated damages, and any and all other damages as provided under the law and as requested in each of Guerra's claims;

IV. The Court award Guerra his attorney fees and litigation costs as provided under the law and as requested in each of Guerra's claims; and

V. Guerra receive such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Guerra demands a trial by jury.

Dated: November 21, 2014.

Respectfully submitted,

s/ Jeff Kerr

| | |
|---|---|
| MAYS & KERR LLC | Jeff Kerr, Esq. |
| 235 Peachtree Street NE | Georgia Bar No. 634260 |
| North Tower \| Suite 202 | jeff@maysandkerr.com |
| Atlanta, Georgia 30303 | |
| Telephone: (404) 410-7998 | |
| Facsimile: (404) 855-4066 | |
| Attorney for Guerra | |